HEATHER E. WILLIAMS, SBN 122664
Federal Defender
HOOTAN BAIGMOHAMMADI, SBN 279105
Assistant Federal Defender
Designated Counsel for Service
801 I Street, Third Floor
Sacramento, CA 95814
T: (916) 498-5700
F: (916) 498-5710

Attorneys for Defendant
Mr. Boland

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) Case No. 2:21cr233-DAD |
|---|---|
| Plaintiff, | ) **STIPULATION AND ORDER TO CONTINUE STATUS CONFERENCE AND EXCLUDE TIME** |
| vs. | ) |
| JOHN BOLAND, | ) Date: January 24, 2023<br>) Time: 9:30 a.m.<br>) Judge: Hon. Dale A. Drozd |
| Defendant. | ) |

IT IS HEREBY STIPULATED and agreed by and between United States Attorney Phillip A. Talbert, through Assistant United States Attorney James Robert Conolly, counsel for Plaintiff, and Federal Defender Heather Williams, through Assistant Federal Defender Hootan Baigmohammadi, counsel for Defendant John Boland, that the status conference currently set for January 24, 2023, at 9:30 a.m. be continued to March 28, 2023, at 9:30 a.m.

The parties specifically stipulate as follows:

1. By previous order, this matter was set for a status conference on January 24, 2023, at 9:30 a.m.

2. Mr. Boland now moves to continue the status conference to March 28, 2023, at 9:30 a.m. and the government does not object.

3. Defense counsel believes that failure to grant the requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise

Stipulation and [Proposed] Order to Continue
Status Conference and Exclude Time                -1-                *United States v. Boland*,
                                                                     2:21-CR-233-DAD

of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). Since the Court granted the last continuance of the Status Conference in November 2022, the government has produced over 300 pages of discovery. The discovery refers to a search warrant obtained for Mr. Boland's alleged cellular phone and defense counsel requires additional time to obtain, review, and possibly challenge the warrant and warrant affidavit pursuant to the Fourth Amendment. Mr. Boland has also been in active plea negotiations with the United States. He expects a plea agreement to be forthcoming, which may resolve the case.

4. Furthermore, granting Mr. Boland's continuance request saves government resources, avoids the significant inconvenience to Mr. Boland of being transported to Court unnecessarily, and allows for the judicial system to run more efficiently. *See* 18 U.S.C. § 3161(h)(7)(B) (Court is not limited to the enumerated factors in subsection (B) when granting a continuance pursuant to subsection (A) as long as they do not conflict with subsection (C)). Mr. Boland is housed at CVA in McFarland, California, which is roughly a four-hour drive from Sacramento. The Marshal Service has informed the defender community that inmates will be transported back to Sacramento County Jail, where they will once again be placed into a 14-day or longer quarantine,[1] two to three weeks in advance of upcoming court appearances. The inmate will lose their bunk and commissary at CVA, although they will eventually be moved back to CVA after the scheduled court appearance. Granting the instant stipulation will eliminate unnecessary transportation costs; avoid significant travel-related hardships for Mr. Boland; and help the judicial system run more efficiently by avoiding unnecessary court dates while also helping to foster attorney/client relations. Defendants greatly appreciate when their attorneys timely request to continue a status conference to avoid their unnecessary transport.

---

[1] All defendants are initially housed at Sacramento County Jail where they must go through a quarantine. Defense counsel has had clients remain in quarantine for 14 days or longer.

5. For all the reasons above, the parties jointly request the Court to find that the ends of justice served by granting the continuance outweighs the best interest of the public and Mr. Boland in a speedy trial; and for the purpose of computing time under 18 U.S.C. § 3161 *et seq.* (Speedy Trial Act), that the time period between January 24, 2023, and March 28, 2023, inclusive, be deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A) (Local Code T4).

Respectfully submitted,

HEATHER E. WILLIAMS
Federal Defender

Date: January 4, 2023

*/s/ Hootan Baigmohammadi*
HOOTAN BAIGMOHAMMADI
Assistant Federal Defender
Attorneys for Defendant
Mr. Boland


Date: January 4, 2023

PHILLIP A. TALBERT
United States Attorney

*/s/ James Robert Conolly*
James Robert Conolly
Assistant United States Attorney
Attorneys for Plaintiff

# **O R D E R**

The Court, having received and considered the parties' stipulation, and good cause appearing therefrom, adopts the parties' stipulation in its entirety as its order. The status conference currently scheduled for January 24, 2023, is vacated and rescheduled for March 28, 2023, at 9:30 a.m. The time period between January 24, 2023, and March 28, 2023, inclusive, is hereby deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A) (Local Code T4). No further continuances of the status conference in this case will be granted absent a compelling showing of good cause. Finally, counsel are reminded that the undersigned is amenable to video appearances in criminal cases involving defendants incarcerated at CVA, with the consent of the defendant and defense counsel where necessary, for status conferences, motions hearings, change of plea hearings, sentencings and trial confirmation hearings as long as the CARES Act authorization remains in place and video appearances remain available at CVA.

IT IS SO ORDERED.

Dated: **January 5, 2023**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE